# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-887V
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| HARRY MCCARTER, *as* | Filed: September 24, 2014 |
| *Administrator and Legal Representative* | |
| *of the Estate of* LILLIE MAE MCCARTER, | Decision by Stipulation; Damages; |
| | Influenza ("Flu") Vaccine; |
| Petitioner, | Acute Disseminated |
| | Encephalomyelitis ("ADEM") |
| v. | |
| SECRETARY OF HEALTH AND | |
| HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Elizabeth Muldowney*, Rawls, McNelis and Mitchell, P.C., Richmond, VA, for Petitioner.

*Lynn Elizabeth Ricciardella*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

## DECISION AWARDING DAMAGES[1]

On November 8, 2013, Harry McCarter, as administrator and legal representative of the estate of Lillie Mae McCarter, filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that as a result of receiving the influenza ("flu") vaccine on or about September 22, 2011, his mother, Ms. McCarter, suffered Acute Disseminated Encephalomyelitis ("ADEM"). Stipulation at 1 (ECF Docket No. 9). Furthermore,

---

[1] Because this ruling contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the ruling will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C.A. § 300aa-10 – 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

Petitioner alleges that Ms. McCarter's death (which occurred on November 13, 2011) was part of the sequela of her vaccine-related injury. *Id.*

Respondent denies that Ms. McCarter's alleged ADEM, any other injuries, or her death were caused by the flu vaccine. *Id.* at 2. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation filed September 17, 2014, that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation. *Id.*

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $250,000.00 in the form of a check payable to Petitioner as administrator and legal representative of the Estate of Lillie Mae McCarter. The amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

Stipulation ¶ 8.

The stipulation also conditions the timing of payment of the award as follows:

No payment pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as legal representative of the Estate of Lillie Mae McCarter. If petitioner is not authorized by court of competent jurisdiction to serve as legal representative of the Estate of Lillie Mae McCarter at the time a payment pursuant to this stipulation is made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of Lillie Mae McCarter upon submission of written documentation of such appointment to the Secretary.

Stipulation ¶ 12.

I approve a Vaccine Program award in the requested amounts set forth above to be made to Petitioner (with payment of the award subject to Petitioner's prior performance of the terms of ¶ 12 in the stipulation). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| HARRY MCCARTER, as Administrator and Legal Representative of the Estate of LILLIE MAE MCCARTER, ) ) ) ) ) | |
| Petitioner, ) ) | No. 13-887V<br>Special Master Corcoran |
| v. ) ) | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, ) ) ) | |
| Respondent. ) ) | |

### STIPULATION

The parties hereby stipulate to the following matters:

1. Harry McCarter ("petitioner"), as the Administrator and Legal Representative of the Estate of Lillie Mae McCarter ("Ms. McCarter"), deceased, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries and death allegedly related to Ms. McCarter's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Ms. McCarter received the flu vaccine on or about September 22, 2011.

3. The vaccine was administered within the United States.

4. Petitioner alleges that as a result of receiving the flu vaccine, Ms. McCarter suffered Acute Disseminated Encephalomyelitis ("ADEM"). Ms. McCarter passed away on November 13, 2011. Petitioner further alleges that Ms. McCarter's death was the sequela of her alleged vaccine-related injury.

1

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Ms. McCarter as a result of her alleged vaccine injury or her death.

6. Respondent denies that the flu vaccine caused Ms. McCarter's alleged ADEM, any other injury, or her death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $250,000.00 in the form of a check payable to petitioner as administrator and legal representative of the Estate of Lillie Mae McCarter. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practical after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. §

1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. The payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of the Estate of Lillie Mae McCarter under the laws of the State of Alabama. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as legal representative of the Estate of Lillie Mae McCarter. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the Estate of Lillie Mae McCarter at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of Lillie Mae McCarter upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and as the Administrator and Legal Representative of the Estate of Lillie Mae McCarter, on behalf of Ms. McCarter's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Ms.

McCarter resulting from, or alleged to have resulted from, the flu vaccination administered on or about September 22, 2011, as alleged by petitioner in a petition for vaccine compensation filed on or about November 8, 2013, in the United States Court of Federal Claims as petition No. 13-887V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Ms. McCarter's alleged ADEM, any other injury, or her death.

17. All rights and obligations of petitioner in his capacity as the Administrator and Legal Representative of the Estate of Lillie Mae McCarter shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*[signature]*
HARRY MCCARTER

**ATTORNEY OF RECORD FOR PETITIONER:**

*[signature]*
ELIZABETH M. MULDOWNEY
Rawls McNelis & Mitchell
211 Rocketts Way, Suite 100
Richmond, Virginia 23231
(804) 622-0676

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature]*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*[signature]*
A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Acting Director, Division of
Vaccine Injury Compensation (DVIC)
Acting Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*[signature]*
LYNN E. RICCIARDELLA
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
(202) 616-4356

Dated: September 17, 2014

5